is a member of the Board of Governors of the United States of America.  The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Please be seated. Welcome to the Fourth Circuit. We'll begin with our page 224654. Counsel, we're happy to hear from you. Good morning and may it please the Court. The District Court erred in two ways in this case, both of which require reversal. This morning we'll begin with the sentencing argument and then move to the Rule 11 error. This Court's precedent is clear. Where an individual makes non-frivolous mitigating arguments in support of a lower sentence, the Court must address those arguments. And it must do so in a way that makes it patently obvious on the record that the Court has considered those arguments. What case says that? Patently obvious, that's a pretty strong claim. Judge, I believe that is from Blue or Ross. We use the words patently obvious? This Court has used the term patently obvious, yes, Judge. Okay, thank you. And the District Court here failed to address Mr. Solis' three non-frivolous mitigating arguments. One, his young age at the time of the offenses. Two, his lack of criminal history. And three, his expressions of remorse. In fact, when the Court issued that sentence . . . Is your position, Counsel, that he, that the District Court, as I understand our law, it might be broken into two obligations? One to consider and one to explain? Is your position that the District Court did neither, or one, or what? Judge, it's our position that this Court has held that where a Court can establish that it considered arguments, one way is by addressing them, another way is by engaging Counsel in conversation. And this Court did not address, did not engage in conversation. So it's unclear on this record if the Court considered those arguments at all. So your position is the Court didn't even consider the arguments? That is correct, Judge, yes. So can I ask you, just as a factual question, am I right that there was no sentencing memorandum submitted by the defense in this case? There were objections, but there was no memorandum. So the only statements made by the defendant or defense counsel in support of a sentence are what was said at the sentencing hearing? Yes, Judge. And so the only thing that could have triggered a District Court's obligation to respond is what was said at the sentencing hearing? Yes, Judge, that is correct. And when the Court issued its sentence in this case, it actually addressed every 3553A factor except criminal history, which Mr. Solis' arguments went to. That was error based on this Court's precedent. Let me ask you this. Before he imposed the sentence, he told the lawyers what the sentence was going to be and asked them if they had any legal reason why that sentence should be imposed. And nothing was said about the omission of the explanations with regard to these mitigating factors. Does that change the standard of review for us when the defense attorney is given an opportunity to object? And I would presume this is a legal error that has not been explained. When the judge gives the defense attorney the opportunity to tell him of any legal errors and he passes and doesn't mention it, does that change our standard of review? No, Judge, it doesn't. This Court in Lynn established that the issue is preserved where counsel asks for a lower sentence. But in Lynn there was no opportunity, no specific question to the defense attorney. Do you have any legal reasons? And he says nothing. Doesn't that, I'll just ask you, do you think that would have changed the standard of review for us? Judge, based on this Court's holdings and on this record, no, I don't believe it changes the standard of review. Had the Court asked did I miss any of your arguments, then perhaps we would be in a different position. But that wasn't what was done here. Yes, so let me ask you. Go ahead. Let me just follow up. How can the judge fix his mistake? In other words, if the district judge has just forgotten to specifically explain a mitigating circumstance, how does he correct that mistake if he's just forgotten while the matter is before him? Instead of having to go through all the time and expense and taxpayer's money to come up here and litigate it, there's the opportunity that he's given the defense attorney and the government to correct any mistake he might have made, something he might have forgotten. Why doesn't that change the standard of review? Judge, again, based on this Court's precedent, the issue was preserved, so we are here on the harmless error standard of review. I understand the Court's concern. And certainly if the Court had asked are there any arguments that I missed, maybe we would be in a different position. Assume that. What position would we be in if that question had been asked? You say this is not specific enough, but let's say it was as specific as you just articulated. What would be the situation then? If counsel had not responded, reminding the Court, or if the government had not, well, that's not correct. If defense counsel had not responded, reminding the Court of his arguments, then certainly we would have, there would certainly be an argument that we had waived those arguments. So that would be the issue, waiver, if presented with it. And if that's right, our question is whether it has to be as specific a question as you mentioned or a general one like Judge Traxler pointed out was done here. Judge, it's my understanding based on this Court's precedent that yes, that the Court's question of did I miss any legal issues, that that was not, that did not cause counsel to waive any sort of arguments. Based on this Court's precedent, we are here under the harmless error standard of review. And because we're here under that standard, and the government's not contested that we're here under that standard, the government cannot establish that the error was not harmless. So you said there's also two, Judge Caldwell raised two different areas of our precedent. It also strikes me there's a separate question too, which is first, independent of what a defendant says, the district court has to adequately explain its sentence, right? Even if the defendant says nothing at all, the district court has to give a sufficient explanation of why it's giving the sentence, right? And then there's the second obligation to respond to arguments made by the defendant, right? But I guess implicit in that is the district court, that second obligation, only attaches to arguments the defendant actually makes, right? The district court doesn't have to think up arguments the defendant could have made and then rebut those arguments, right? Yes, Judge. So can I ask you then what worries me a little bit about this case is, I mean, and that's the reason I started by asking about the sentencing memorandum. I sort of have the feeling that the district court here could have been of the view what is gratuitously asserted can be gratuitously rejected because you phrase it as he made arguments about age and remorse and mitigation. And if all I have to go on is the sentencing transcript, these are all pretty thin, right? I mean, remorse is the defendant allocutes and says, I'm sorry. I think I can take judicial notice of the fact that an enormous number of criminal defendants allocute and say, I'm sorry. So I'm a little skeptical about whether that triggers an obligation to respond to a remorse argument because it's going to suggest that every district court has to respond to a remorse argument. And then I see what defense counsel says about age. He says, stands before the court as a young man. And these sound like factual statements about the defendant, not an argument. He was really young and stupid, so you should be nice to him because he – do you know what I'm saying? Like, these feel like very perfunctory arguments. And it seems a little bit weird to say that defense counsel can just say he's a young man and now the district court has to go through a full-dress response to as if defense counsel had filed a 10-page sentencing memorandum pointing out that he was 17 years old and brain development and all – like, right? Like, I feel like we'd be in a very different position if there had been a 10-page sentencing memorandum about age. But here I've just got defense counsel saying he's a very young man. That feels pretty perfunctory to trigger an obligation to respond by the district court to me, and I want to give you a chance to respond to that. Thank you, Judge. It is certainly an abbreviated argument. It is certainly a very short argument. But this court has not placed any boundaries around or limits around what qualifies or does not qualify as enough to satisfy whether something is an argument. In fact, this court has said that where you ask for a lower sentence and then offer reasons for that lower sentence, that is an argument. And these were, again, short, yes, but they were certainly arguments. This court has also said that the response from the court – Well, hold on. Does defense counsel ever – I'm looking – I'm literally looking at everything defense counsel said. Defense counsel says nothing about remorse that I see. That's just the defendant when he allocates. That's correct, Judge. It is just the defendant. The counsel does not say that. And the court did not have to provide a lengthy response, but it did have to establish that it balanced or weighed those particular reasons for a lower argument or for a lower sentence, rather, when it was issuing the sentence for Mr. Solis. Let's talk about that. The district court said it considered all the – let's take remorse out of it for the sake of this question. The district court expressly said it considered all the 3553A factors, and those encompass age and criminal history. Do you agree with that? The factors do, yes, Judge. And I grant you that the court didn't mention those specifically. It mentioned the factors generally. But then the district court goes into the reasons it had for explaining the sentence in detail. I mean, he talks about deterrence and the nature and circumstances, but he just doesn't mouth those categories. He gives detail. He says, I'm a father, you're a father, I understand why you'd be threatened. And this is not a situation where it's as if the district court was playing on its phone while this was all going on and then issuing a sentence later. It seems to be an engaged process. So I wonder if the district court had said, I've considered the 3553A factors. We can acknowledge they include age and criminal history. I think they're outweighed by these factors. I mean, you probably wouldn't be here, right? That's correct, Judge. And so we're here because he didn't say they're outweighed by? Isn't it obvious in the context that that's what he thought? No, Judge, that's the problem. It's not obvious in the context. Why not? If he says, I considered all the factors, those include age and history, and then he says, I think he says, I want to talk about the things that are most important, that even adds something else. Like if these are the most important, there's something that's less important. I mean, don't get me wrong. I grant you could say a few more and it would be absolutely clear. But it is, I mean, we have case law that says context can inform us. It doesn't make sense to have that if you have to recite the words. Why isn't that enough? It's not enough, Judge, because sentencing is not a binary. This court recently said that in Shields. And what that means is that had the court explicitly considered these factors, then it could have moved the needle a bit on where he fell in sentencing. Because as your Honor points out, he did say, I'm a father as well, things like that. And had the court established that he considered those mitigating arguments, then it could have moved the needle on sentencing. Why isn't it enough? Like I said, I asked this question earlier. There's consider and there's explanation. And I don't mean to belabor this. I think I understand your point. So you don't think the district court can satisfy the consider requirement or obligation by referring to the 3553 factors generally? No, Judge. And this court's precedent has established that the court can't just say, I've considered the factors. It has to actually address the arguments. Well, I agree. I'm not suggesting just mouthing I've considered the factors and announcing a sentence. But I guess I'm just breaking up the consider versus explanation. So you've answered that. I understand your position. Thank you, Judge. Can I ask you on the preservation question, do you have any other support for the argument this is preserved other than Lynn? Because I'm looking at Lynn right now, and it does not appear that at least in our opinion in Lynn there was anything like what happened here where the district court said, is there anything I missed or should have? There's nothing in Lynn that suggests that happened in Lynn. Judge, right now I cannot cite a case for this court. I cannot.  Totally. Can I take you to the other question I know you wanted to address for a moment? Yes, Judge. Is your argument the district court had to mention the possibility of consecutive? It seems to me there's two slightly different claims that are getting sort of mashed together in the briefings, and I just want to make sure. So one is that a district court has a legal obligation to tell a defendant that sentences can be imposed consecutively. The other possibility is irrespective of whether there's that obligation, the magistrate judge here just misleadingly suggested that this person's overall exposure was capped. Which of the two arguments or both are you making? It is the latter, Judge. We are saying that the magistrate judge incorrectly informed Mr. Solis that he was facing 10 years on these charges, indicating both counts. So in other words, to rule for you, we would not have to hold that a district court has to notify people of the possibility of consecutive sentencing? Absolutely not, Judge. Okay. No. That would be best practice, but that is not required by this court. And that Rule 11 error, the magnitude of that error is literally double. It's 20 years. And Mr. Solis had a viable necessity or self-defense argument at trial on that second count. During cross-examination of Christopher Silva, the individual who was shot, there was some impeachment evidence that came out, and it really shows that the government's case is not as strong as it argues it is. And had Mr. Solis known, he would have gone to trial. I see that my time has expired. Thank you. Wait just a second. Can I have an indulgence of you two to ask some questions? Sure. The first question I have has to do with the question of the maximum of 10 years. You say in your brief that trial counsel thought 10 years was the maximum for both counts combined. And do you still maintain that position? Judge, it appears on the record that that is what defense counsel believed. Then why would he be arguing that these offenses should be treated as continuing offenses, one continuing offense, where the maximum is 10 years? In other words, if he thought the maximum was 10 years, why would he be arguing his continuation theory? It's my understanding, based on the record, Judge, that from both the written objection and then the argument of sentencing, that counsel at the trial level believed that there was an apprendee issue that would cap the sentence at 10 years. And in addition to that, based on an incorrect reading of the law, he believed that the counts could not be run consecutive because of a case that they discussed in the record at the trial level. I believe it was Lovesque. When the judge was talking to counsel and they were arguing this continuation theory, the judge explained to him how you had to stack these things, and as long as the guidelines call for a sentence between 10 and 20 years, they would be stacked. And he said, that's correct. So I still don't understand why you would throw in the trial counsel under the bus in this particular case, because it seems to me it's clear he did know that 20 years was the max. That's not saying the defendant knew, but you said the lawyer didn't know, and I just don't understand that. Judge, we can certainly agree that mid-sentencing, counsel changed his tune about what was, or he then agreed with the court about what the law permitted. But certainly leading up to that, we didn't have any indication in the record that he understood that the maximum was actually 20 years rather than 10 years. Okay. My next question. In the third prong of plain error analysis, is the question what the defendant would have done at that time of sentencing, or is the question what he would do today? Judge, it's my understanding that it would be at that time. Had he known the full picture, then his decision-making process would have been fundamentally different. His strategic decision-making process would have been fundamentally different at that time. And I agree with that, but I think it conflicts with Lockhart, where Lockhart let the appellate lawyer tell them, he will go to trial if you vacate his sentence, which would indicate to me that the en banc court in Lockhart is saying implicitly the question is, what would he do now? And I don't understand that. Judge, if you want to make it what is it now, we will certainly accept that. I'm sure. But either way the court looks at it, in this situation, Mr. Solis was in a position that would have been strategically very different. Okay. What is your best case to show that this alleged error, again, talking about the 10-year maximum, was plain? Harrison, actually, Judge. In that opinion, this court said that the court must make clear the statutory maximum on each count, and here the magistrate court just did not do that. It said 10 years on these counts, indicating both of the G-5 counts together. Who wrote Harrison? If Your Honor will indulge me for a moment. No, I can look that up. Okay. I think it was me, by the way. Your argument also in your brief says that there's no evidence the defendant got correct advice outside the courtroom. After Lockhart, does that matter? And the reason I'm asking that, in Lockhart, the defense counsel had put on the record at the time of sentencing, I told him about this. So when he pled, he knew there was a statutory maximum. And the Lockhart majority disregarded that, and I said, well, we have no way to judge the credibility of defense counsel at the time. That was kind of a surprise to me. But my question is, is the point you're making in your brief really relevant after Lockhart? To the extent, again, Judge, to the extent the court wants to say that it is not relevant, it certainly doesn't hurt our case. To the extent the court does want to consider it, it certainly weighs in our favor for a remand for the sentence and plead to be vacated and remanded. All right. My next question has to do with the failure to discuss, the judge's failure to discuss the mitigating factors presented to him. Do the lawyers in the case, whether the government or defense, have a duty to the court, as officers of the court, to remind the judge that he has not directly addressed issues that the law requires him to address? And Ms. Ray, you better listen to these questions because you're going to get the same ones. Does the lawyer, do the lawyers have a duty to the court to help the judge, correct the judge if he has omitted possibly, probably by mistake to address these issues? What obligation do the lawyers have, who are there before him with the opportunity to correct the mistake, to do so? Judge, based on this court's precedent, there is no obligation, certainly from defense counsel and my understanding, not from the government either. If the court changes its mind on that, we would ask that the court make that forward looking because that was not the law at the time that Mr. Solis was sentenced. So you don't believe there's any obligation? Not under the current state of the law, Judge. Sometime go read Vaughan, which is a United States Supreme Court case where Judge Souter said, deplored the fact that a lawyer, particularly a defense lawyer, could see an error occurring, do nothing about it, just keep it in their pocket, wait and see if the sentence the defendant gets is one they like or can live with, and if they don't then they've got an instant ground for appeal when there was a perfect opportunity there while they were in front of the district court to get this issue cleared up. So I just was curious as to what your response was. And I think I've already answered the other question. That's all I have. I appreciate my colleague's indulgence. Thank you, Judge. If there's no further questions. May it please the court. Amy Ray for the United States. Sort of reflecting on the last argument, I think I'll begin with just a couple of points about the sentencing issue and then perhaps turn to the plea colloquy issue. On the sentencing issue, Judge Hytens, you have identified what I think is a challenge for us, at least on the government side, in these appeals in a number of cases. And this case is perfect. I would invite this court to consider what constitutes an argument. This was 11 lines in a transcript. And in Lynn, we know that simply making a point isn't enough. And I would invite this court to hold that an argument requires at least a nexus, an argument of a nexus between a fact and a 3553A sentencing factor. So he's young. There's no dispute about that. Before we get to the merits of the argument, can I just... I assume you agree with me that forfeiture can be forfeited? Yeah, I do agree with that. And I'm looking at your brief. You never once argued that this claim isn't preserved, right? Did not. So you've 100% forfeited a forfeiture. I have, in fact, forfeited the forfeiture argument. That doesn't mean this court cannot address it. Sure, but the government has no right to insist that we do it because I believe I've written a case that says forfeiture can be forfeited. Absolutely. I do not contest that. We did not make that argument. Judge Whitney does this in every sentencing. He says, is there any legal reason why I cannot impose this sentence? And I now think I probably should have argued that that would trigger a plain error standard of review in this context. The reason that I haven't done that in the past was I sort of interpreted that to mean more of a legal error with the sentence like a statutory range kind of error. In fairness, that's probably how I'd read what he said as well. But, I mean, that said, I will say I've been up here and my colleagues have been up here numerous times and it is maddening, frankly, to see defense counsel stand in the courtroom and not say to a judge, judge, you didn't mention this. And it's likewise, I have encouraged my colleagues to do the same thing. Okay, but in fairness, it would also be incredibly easy for the district court judge to say, which I know is a fact that district judges within this circuit say, have I not responded to any of your arguments? Absolutely. There are district judges who do that in every sentencing case. Yes, and I think in that case, there's a waiver. And our judges so far have not done that. I would appreciate it if they did, but they haven't. I guess the bigger for me in this case, because it was simply a statement, he's young. I don't think the remorse counts. He's young. Why, because the defendant said it? Yeah, I just don't think that can be characterized as an argument. It wasn't one that was simply a defendant allocuting and saying I'm sorry or I'm remorseful. While we're talking about things people should do. Sure. Government lawyers are there in front of the judge and hearing everything that's being said. And if a mitigating factor should be addressed and it's not, then it comes up here to be normally reviewed for harmless error. Yeah. Which means the burden's on you to establish this right. So I don't understand why in the world, let me rephrase my question. No problem. Or it sounds more legal. Don't they have a practical responsibility when the government lawyer's there before the judge to make sure that that plea's done right and make sure that the judge addresses every non-frivolous argument before you leave the courtroom and while everybody's there? I don't understand why government lawyers don't view that as part of their responsibility. I'll respond to that in two ways. First of all, just with respect to this case, I don't think it's fair to even characterize these as arguments that the district court failed to. This is what kind of case? In this case, because of the way . . . I don't think those were arguments that the district court failed to address. So I think in this case, maybe the government lawyer understandably did not do that. But shouldn't it be done in the best practice, do it in every case? You know, I will say this, Judge Traxler. I have wondered the same thing and talked with colleagues about this question. It's a little more sensitive, I think, for a trial lawyer who appears in front of a district judge all the time to say, Judge, you might have missed this, you might have missed that. But that goes goose and gander, right? You can't have it both ways. If we're going to say the government can't realistically be expected to do that, it's a little weird to say defense counsel has to do it. I just don't understand why the government's obligation is less . . . I mean, I agree, there are district judges. I would never want to interrupt to do that. But it seems to me that if we do that, the defense counsel and the government are held to the same standard. Okay, I'm not suggesting that defense counsel has a legal duty to jump in and say, Judge, you didn't do this. If the defense counsel is asked, I think they do. I think it would be . . . One, the difference is the defense attorney represents the defendant. If the defense attorney actually thinks that if the judge has missed a point, the judge would impose a lower sentence, that defense attorney has a much greater incentive to say to the district court, Your Honor, I think you forgot that I said he was young. And so that is a difference between the implicit obligation of a defense attorney and the implicit obligation of a prosecutor who simply needs to do the best to make sure that the judge actually sticks with the sentence, maybe, that the prosecutor thinks is right. But I think . . . Go ahead. I do think that in this case, the issue is these don't constitute arguments. They didn't tie this. And I would refer the court to this court's recent decision in Davis where the defendant, and this was just in the last couple of weeks, February 27th maybe, where the defendant talks about adverse childhood experiences and says I've had all of these aces. And he presents a little bit of research but does not explain why the court should believe that his aces, the aces that he experienced as a child, are mitigating. And that's what this court should require for something to constitute an argument, that there is a connection made with the 3553A factor. In this case, Judge Whitney said, I considered all the factors. That included criminal history. It included age. And the defendant was right in front of him. It was obvious that he was young. Judge Traxler.  Sorry. Going back to the question of the responsibility . . . Yes. . . . and relevance of the government's lawyer calling omissions to the judge's attention, I would simply suggest you consider telling the lawyer in front of the judge, why don't you come up here and why don't you write to brief, and then you come up here and you argue the case, and then you explain to the judges why you're up here and why we're going through all this when the problem could have been solved. Fair point, Judge Traxler. I will tell you that yesterday there was an argument that Ms. Hester presented on behalf of the defendant. One of my colleagues made the argument. Judge Winn was pretty strongly making sort of the same point, why aren't the judges doing this? So I'm going to go back and have conversations with each of our district judges, I hope, just as sort of, hey, this is what might be helpful. There's also a case out of South Carolina that's going to present this court, I believe, with the question of the judge asks specifically, is there anything I have not mentioned and whether that's wavered. So I think these things are starting to come to a head because we have had so many of these appeals and all of us feel a little bit frustrated. I appreciate it. How would you characterize the consequence of a defense lawyer being given the opportunity to raise an objection about an omission? How does that, what does that, does that change our standard of review? Yeah, to me that's waver. I think that's waver. If the judge says, have I missed anything? And the defendant stands silent. But there's going to be an argument. I didn't research that for this particular argument, but to me that's waver. But at a minimum it's plain error. At a minimum. So, make sure I'm understanding. Are you drawing a distinction between a question from the district court that, have I made any errors, and a question, have I omitted any of your arguments? Yes. And what's the effect of one versus the other? So in this case, I didn't argue plain error, so I want to be clear about that. Yeah, yeah, I'm just talking about generally. To me, the difference is, if you simply say, have I, is there any legal reason this sentence can't be imposed? That would be a forfeiture, because it's not a very specific question that asks the defendant to a say. In other words, a defendant. It sounds more like, have I exceeded the statutory maximum, or have I. That's how I interpreted it, Judge Huygens, which is why I didn't make the argument. But I would suggest that in what waver is, is the relinquishment of a known, known relinquishment of a right. And when you say, is there anything that I have omitted, and you stand silent, I think you have relinquished your right to then come up to the court and say, you didn't say this, only because it was such a specific question. I think it's hard, it's a close call. That's just my opinion. Can I take you back to the... Go ahead, Judge Huygens. So I understand the district court judge in this case twice said the words, I've considered all the 3553 factors. Right. Look, I'm balanced better to do that than not. But you agree, that is not a get-out-of-jail-free card. You cannot just say the words, I've considered all the 3553 factors in your sentence as procedurally reasonable. Yeah, absolutely. Okay. Yeah, no question. So what role do you think it plays? The district court, sir, seemed to think that saying those words had some magic effect. What effect, if any, do you think saying those words has? I think that actually in this case, I will say, kind of going back to Judge Quattlebaum's, there's two sort of duties, right? So in the adequacy of the explanation, you can't simply say I've considered all of the factors, because you have to say more and explain them, and Judge Whitney did that. In terms of this case where you have somebody just saying, I'm young and I don't have any violent criminal history, and the judge says, I think it serves the purpose of saying, I have considered history and characteristics. And that's not what he said. No, he said all of them. So that includes history and characteristics. So he is saying, I've considered history and characteristics. He didn't say it explicitly, but that's included within the context. My point is where he has it. Counsel, I'm sorry to interrupt, but it relates to that. Doesn't the additional language that the district court used, that these are the most important, add some flavor to this, still not calling out age and criminal history by name, but suggesting these others are more important, it's got to be more important than something else. Yes. I think in this case that was important. I mean, it's just helpful. I don't think this is that close of a case because he didn't make arguments. I will also say, I think it's a really – So I understand your position that this doesn't rise to the level of argument. But while perhaps not developed like it could be, as I recall, the district court, right before those comments are made, the district court asks a question about your arguments. So it follows – the district court says, I'll hear your objections, and then it's mentioned. Now, again, I get it. You could be more specific. But just sequentially, one might conclude it's an argument. I'm not asking you to concede that. But assume we think it's – fair enough. But if we disagree with you, we still – aren't the points you're making – wouldn't they apply even if it was a full-fledged argument?  And I was going to make the further point that this is a perfect case for harmless error if it were – if this court were somehow to hold that this was an omission that was a procedural error. And how do we do that in light of Shields, the recent case? Sure. Well, Shields doesn't really change anything. And you have Boulware. You have a bunch of cases. Actually, I was reviewing in preparation for this. There's a number. Boulware may be the only published case. There's a bunch of unpublished cases, Eads and Valentine. So let's focus on the published cases. Let's focus on the published cases. Yeah, happy to. Happy to. But the point in Boulware was, are the arguments at all strong? Age and a lack of violent criminal history when he has taken a gun and point-blank shot at somebody and within the month before shot at somebody else, that's not a very strong argument. Age isn't a particularly strong argument because it can weigh. It makes sense to me why the strength or weakness of an argument would matter for harmless error. Yeah. Just kind of logically.  But does that – we do – I agree Shields doesn't change the law in terms of harmless error. But if you have a case where there was a good argument that the issue wasn't even considered, then how do you know whether the strength of it would make a difference? So I think that – let me say this. These cases are hard because they're all so fact-intensive. And in my at least review of them, trying to wrestle and figure out, grapple with what's harmless and what's not and how does that come – the way I finally came down my own assessment of it honestly was, was the explanation – did the judge make pretty clear that it was certain about the sentence, he or she about the sentence that was going to be imposed? And did the reasons given in some way sort of encompass or rebut on at least implicitly the arguments that weren't made? So here in this case he's arguing that he has a low criminal – that he's not violent basically. He didn't have violent criminal history. And the judge focused very heavily on the violence of this offense. That was the reason given. So I don't think there's any strong argument that that argument would have made a difference. And the fact that he was young was he couldn't have ignored that. He was – the defendant was standing right in front of him. What age was he? He was 22 at the time of sentencing I think. So 21, 22. I have one more question about this topic and then I have a couple about Rule 11.  What is your best case to support the proposition that a defendant has to connect their non-frivolous arguments to one of the 3553 factors? You say that in your brief, but what case says that? Lynn says it. I believe Arbaugh, Nance, I don't remember which. There are others after Lynn, but Lynn kind of has this paragraph where it discusses – where the court talks about how points marshaled in favor of something are not really arguments. And I would say, Judge Hyten, in all candor, that it's not as clear as I think it could be, which is why I'm inviting this court to make it clearer. Fair enough. Okay, moving to Rule 11. Yes. So you heard your friend on the other side say the argument they're making is not that a district court has to tell someone about consecutive sentencing.  So I'm looking at the transcript, right? This is JA-20. Yep. Quote, it sounds like the maximum penalty for these offenses would be 10 years of imprisonment. I'm just going to tell you, I would interpret that as saying the total maximum is 10 years. And you agree that if I understand that, that's legally wrong. If what the magistrate judge said is the most time incarceration you could get is 10 years, that would have been a legally incorrect statement, right? I agree with that, but I think it's really important that this court can't read what's on page 20 without reading pages 17 to 20. Okay, when I read pages 17 to 20, what I conclude in all candor is that not a single person in the courtroom understood what he was charged with or what he was facing because there's all these colloquies and people are like, I don't know what's going on here. Judge Heitens, with all due respect, I strongly disagree with that. This was one of the most experienced criminal defense attorneys from the Federal Defender's Office. He knew exactly what time he was facing. And those colloquies, if I may, it was a short, it wasn't a side conversation. Here's how it went. Mr. Hess, prosecutor, tell me the maximum. And by the way, you're pleading to two counts of the same offense. Okay, I'm just literally, you said 17 to 20. I'm looking on 17. No one says a single thing relevant to this question on page 17. Yes, in my opinion, Judge Heitens, you're going, he says- Because it says count one and count two? Yes, because he's identifying early on that there are two counts of the same offense. Let's assume I'm not persuaded by that. That's fine. That's fine. I respect that, obviously. Okay, so what's your next best argument? No, but if I may just, if I could just go through this. So he says repeatedly you are pleading to two counts of the same offense. And then he says, Mr. Hess, what is the maximum penalty for that offense? And he says the maximum term of imprisonment is 10 years. Then he also notes- We're on page 19? That is on page 19. So then Mr. Hess says a whole bunch of things. And then the next words the district court says are, that's not right. No, let me- The next thing the court says is- Judge Heitens. No, I just don't understand how the defendant, when the government says something and the court says that's not right, how the defendant's like, well, I'm not just going to take the prosecutor's word for it. Because the court literally just said what the prosecutor just said was not right. Okay. What the prosecutor said, though, was the possibility that he could face a higher sentence, a mandatory minimum of 15 years. And it wasn't he said a whole lot of things. He simply said, by the way, the person, the prosecutor who was actually handling the case, Chris Hess was stepping in for the prosecutor for that particular colloquy, said she wants the court to know that because this is a 922G case, it could be an Armed Career Criminal Act could apply if there's something we don't know. And then the defense attorney says that doesn't apply. The court says that's right. So it wasn't at no time could Mr. Solis conclude that he faced any time less than 10 years in prison for each of these offenses because he was told you're pleading to two counsel the same offense, and that colloquy only talked about whether it was a mandatory minimum of 15, not that it could ever be less than 10 for each offense. Then the judge to the court says, yes, it sounds like the maximum for these offenses. And if you take that in isolation, I grant you. But I don't think leading up to that because he repeatedly says you're pleading to two counts for the same offense and each carries 10 years, that's what the prosecutor says. But if Your Honor disagrees. Let's posit that I do. Let's posit that Your Honor disagrees. I think our argument on whether it affects the substantial rights is very strong. You're just giving away clear or obvious? I'm not. I don't think it's clear or obvious, but if Your Honor thinks it's that clear that he didn't do it, then I'm just going to jump to the prong of plain error analysis that I think is even stronger. Judge Quattlebaum, it looks like you might have been about to ask a question. No, no, you go ahead. Perfect. So on substantial rights, Lockhart, we have Lockhart on the one hand. We have Massenburg on the other. And Lockhart does not overrule Massenburg. So I think I maybe just want to describe what's different about this case. Judge Traxler, I can see you're itching to ask. You know, I'm not sure what's left of Massenburg after Lockhart. Yeah. Because the elements that were important in Massenburg, one, two, three, were listed in Lockhart, and that didn't answer the question for the Lockhart court. Then they went on and regarded two other factors. The fact that the appellate lawyer was saying this guy wants a trial, and then the court did its own analysis and determined, I guess, what he should have done or what a reasonable person would have done. So, anyway, I'm not sure what's left of Massenburg. I think that, first of all, you know, I argued Lockhart and didn't love the analysis. That said. And yet here we are. And yet here we are. And what is left of Massenburg is that Lockhart did not overrule it. So what I'd like to do is do a little compare and contrast and explain. At a minimum you have. Oh, I see that my time is way over. We're asking some questions, so you're fine. Thank you for acknowledging it.  But at a minimum, if we just look at Lockhart, you have a minimal 4% effect on the sentence. Massenburg has a longer one. This has a longer one. Right. So even if we kind of, you know, ignore Massenburg to the extent Judge Traxler is right, there may not be much left. Taking Lockhart on its terms, you would argue that difference in sentencing. Is that a difference? That is. I'm going to identify at least three differences. Okay. First of all, there were two errors in Lockhart that the court found important and, in fact, determinative. And the court never suggested in Lockhart that had that Rae Haif error not existed, that it would have not found that this. Anyway, I'm going to get mixed up in the way I'm articulating this. But it found the Rae Haif error to be critical. That nobody in the courtroom understood the elements of the offense to which the defendant was pleading guilty. So that's one difference. The second is the one that Judge Quattlebaum, you just mentioned, which is the difference in Lockhart. If he did not plead guilty, all he was getting was eight months, basically. A reduction of eight months from 188 down to 180 by pleading guilty. In Massenburg, there was a 23% reduction if he pled guilty. And in this case, it's almost 30% reduction. By pleading guilty, and that goes to the issue of whether there's a reasonable probability that he would have pleaded guilty or would not have pleaded guilty, would have proceeded to trial in the absence of the error. So when we can see that a defendant benefited by almost 30% reduction in his sentence, then the question becomes, would any reasonable defendant not have pleaded guilty? Then the other issue was Lockhart did tell this court that he would go to trial. I just heard from defense counsel for the first time that Mr. Solis would proceed to trial. I don't think that that's, I think that, I think it's a strange day when a defense attorney can come into an appellate court and announce that this is what the defendant would do and tell us that that's evidence of what the defendant would have done then. When the defendant was told by the time of the pre-sentence report and asked, pages 44, 47 of the joint appendix, did you read this? It was interpreted for you. It also seems really hard to swear with Greer, doesn't it? With what? Greer. The Supreme Court's decision in Greer. Sure. I think that's right, Your Honor. And I think that on what we do know is that he was told in the pre-sentence report, and he said he read it, reviewed it with his lawyer, never wanted to, never sought to withdraw his guilty plea. That was true in Lockhart as well. Judge Qualabong, I'm just curious. Yeah, I'm just trying to see where you're going. I may agree with you in whether that makes sense, but that's the law. I mean, that's Lockhart. Well, but Lockhart doesn't say that that's an irrelevant factor. It just says that in that case, that factor wasn't enough. And I think in Massenburg, that was enough of a factor because the court considered it and said that that was one of the factors that it would reach the conclusion that he could not. He couldn't satisfy his burden. And the other case I would just refer this court to, and Your Honors are well aware of it, but in Hastings, you know, look, if there's a tie on the substantial rights and whether or not a defendant would have pleaded guilty, the tie goes to the government. So he has the burden to show, and if we're not sure what he would have done based on the record, then this court cannot hold that there's a reasonable probability that he would have proceeded to trial. It wouldn't have made sense for him. He faced too much time, and the evidence against him was incredibly strong. Just hide until you have any more questions. Thank you, Counsel. Thank you, Your Honors. I'd like to start on the Rule 11 burden for us under plain error. We absolutely bear that burden, but this court has made clear, as has the Supreme Court, that that burden is below a preponderance of the evidence. It's not even more likely than not. It falls below that. And that reflects a bit of a humility on the part of appellate courts because courts understand that the record doesn't encapsulate every factor an individual may consider, and it doesn't account for what a jury could do. For example, in Lockhart, after this court vacated and remanded, Mr. Lockhart went to trial on a case the government argued was very strong, and he was acquitted. And here we have more on the record from Mr. Solis. We have that self-defense or necessity defense. We have that information from cross-examination of Christopher Silva that was— I'm just making sure I understand the context of your argument. I'm sorry to interrupt you. Is your position on harmless error or on the Rule 11 colloquy about prejudice? I'm sorry, Judge, I wasn't clear. You may have said it. I didn't catch it. It is on the Rule 11. It is the plain error. Yes, Judge. Can I ask you then what do I do with the fact that he got a PSR that said he could get up to 20 years and he didn't do anything? That's certainly a fact that this court may weigh. It feels like a really powerful argument against prejudice. Here's why it actually isn't as powerful in this particular case. When the court looks at the whole record, we understand a couple of things that were happening. First, Mr. Solis has less than a fourth-grade education. But he's got a lawyer. Yes, Judge. With an individual like Mr. Solis with his demographics, he's not only relying on an interpreter. He's relying on his attorney to explain everything to him. And that is why the information from the district court in the middle of sentencing mattered so much. Because the information that the attorney was providing is, we'll say, unclear at best. But even if the attorney were clear with him. Well, hold on. My attorney did not accurately summarize the pre-sentence report, which is why I pleaded guilty would be an ineffective assistance of counsel argument, right? That is correct, Judge. What I'm saying is, and I'll be a little bit clearer with my words here. First of all, let me back up for a moment. The PSR cannot cure the Rule 11 issue. We know this from Goins. Agreed. Second, we understand that given this record, that at best it is unclear what Mr. Solis understood in general. But that PSR, even if he understood what that PSR was saying, the Rule 11 information from the court is so important because we understand that defendants rely on the judge to be the arbiter of the law. Okay. What about the fact that at sentencing the defendant didn't say, wait, wait, wait, wait, wait. I thought I couldn't possibly get more than 10 years. What about that fact? Again, Judge, that's where we look to the whole record and to the facts. I am looking to the record. I've now cited the PSR and the sentencing hearing. Yes, Judge. I understand that. But that moment came for Mr. Solis after the district court had accepted his plea and in the middle of sentencing when court and counsel were engaging in discussion. But this is what it feels like when you would expect a defendant who was genuinely – this is precisely the moment you would expect a defendant who was genuinely confused to say something, which is like, wait, wait, wait, wait, wait. I thought I could never get more than 120 months, and now you just gave me more than 120 months. Doesn't that suggest maybe that he did realize he could get more than 120 months? No, Judge. In this particular case, it suggests that there was information, but it doesn't suggest that he understood from the court that he could get more than 120 months. And that's particularly important. But he did when he was sentenced, right? If at no other time before then we grant your arguments up to the point the judge says here's your sentence, he knows it then, right? Yes, Judge. And from that point to the end of the sentencing hearing, there's nothing to indicate any objection, surprise, or anything. Agree? That is correct, Judge. From the defendant, from counsel, for anybody. I think that's what Judge Heitens is suggesting. I mean, you say look at the whole record, but maybe your argument is there's some ambiguity in the colloquy, but you then have the PSR, and then you have this other. So maybe if there's some ambiguity at the Rule 11, how does the PSR then the sentence not give your client every opportunity to say hey, I'm going to do something different. This is not the deal. I understand, Judge. I see I just ran out of time. May I answer Your Honor's question? Thank you. When we look at the whole record, we see at the Rule 11 plea colloquy, both I believe in the transcript itself, but certainly in the paper that Mr. Solis reviewed with counsel and submitted to the court, that it says that if he receives a higher sentence, he cannot withdraw his plea. So the information he had from the court was you cannot withdraw your plea if you receive a higher sentence than you understood that you would receive. So your argument is he got some piece of paper, he understood that enough to know he couldn't appeal, therefore he was like I'm not going to say anything, or I can't withdraw it, not an appeal. Your argument is he received a document that says if he enters a guilty plea, he can't withdraw it, and therefore when he was told something that was different than his expectations, he thought I can't withdraw it, so I'm going to be quiet? The information before Mr. Solis in that moment did include that, yes, Judge. And unfortunately we just, again, we're always just left with the record, and the record indicates that there were trial defenses and that there were, that he pleaded straight up, and perhaps he would have pursued a plea agreement had he known at that time. Thank you very much. Thank you. We'll come down and agree counsel, then proceed to our next case.
judges: A. Marvin Quattlebaum Jr., Toby J. Heytens, William B. Traxler Jr.